**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **MICHAEL CHRISTOPHER CRIDDLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:24-CV-00128-NCC |
| ) | |
| **UNKNOWN,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. Plaintiff filed this action on June 27, 2024. (ECF No. 1). Nevertheless, he has neither paid the $405 filing fee nor sought leave to proceed in forma pauperis in this matter. Accordingly, the Court will give Plaintiff thirty (30) days to either pay the filing fee in full or file an Application to Proceed in District Court Without Prepaying Fees or Costs.

The Court further notes that Plaintiff's Complaint is defective because it does name any defendants and is not drafted on the Court-approved form. *See* E.D.Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on a Court-provided form where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff or petitioner to file the action on a Court-provided form."). Thus, the Court will order Plaintiff to amend his Complaint using the Court-provided form.

### Instructions for Amending the Complaint

Plaintiff shall amend his Complaint using the Court's "Prisoner Civil Rights Complaint" form. In the "Caption" section of the form, Plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the

parties."). If there is not enough room in the caption, Plaintiff may include additional sheets of paper. In any case, Plaintiff must clearly list all defendants and state whether he intends to sue each in their individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to his claim(s). Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, Plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If Plaintiff is suing more than one defendant, he should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of Plaintiff's claims must relate to each other in some way. *See* Fed. R. Civ. P. 20(a)(2). By contrast, if Plaintiff is suing only a single defendant, he may set forth as many claims as he has against that individual. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. If Plaintiff is suing a defendant in their individual capacity, he must allege facts demonstrating that defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If Plaintiff is suing multiple defendants, he must establish the responsibility of each defendant for the alleged harm. That is, for each defendant, Plaintiff must allege facts showing how that defendant's acts or

omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

The Court advises Plaintiff that an amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within thirty (30) days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's "Application to Proceed in District Court Without Prepaying Fees or Costs" form.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Order, Plaintiff shall either pay the filing fee in full or submit a completed Application to Proceed in District Court Without Prepaying Fees. If Plaintiff elects to file the Application, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the Complaint. *See* 28 U.S.C. §1915(a)(2).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form in accordance with the Court's instructions.

Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

Dated this 27th day of September, 2024.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE