UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MICHAEL CHRISTOPHER CRIDDLE,   )
                               )
         Plaintiff,            )
                               )
    v.                         )   No. 1:24-cv-00128-NCC
                               )
JUDGE RUSHING LIMBAUGH,        )
                               )
         Defendant.            )

### MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's amended complaint and motion for leave to proceed in forma pauperis ("IFP"). (ECF Nos. 8, 10). For the reasons set forth below, the Court will grant Plaintiff's IFP motion and waive the filing fee.[1] Nevertheless, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

### Background

Plaintiff filed this action on June 27, 2024, but did not pay the required filing fee or request leave to proceed IFP. (ECF No. 1). On September 27, 2024, the Court ordered Plaintiff to do one or the other within 30 days. (ECF No. 5). The Court also directed Plaintiff to file an amended complaint, explaining that the original was deficient because it named no defendants and was not submitted on the Court-approved form. *Id.* The Court provided specific guidance regarding the proper format and content required under both the Local Rules and the Federal Rules of Civil Procedure. *Id.*

---

[1] Plaintiff is a civilly committed detainee. (ECF No. 8 at 2). As such, he is not a "prisoner" as that term is defined in the Prison Litigation Reform Act ("PLRA") and is therefore not subject to the partial filing fee requirements of 28 U.S.C. § 1915(b). *See Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001).

On November 4, 2024, the United States Postal Service returned the Court's September 2024 Order as undeliverable. (ECF No. 7). Sixteen days later, Plaintiff filed an amended complaint, a motion to proceed IFP, and a notice of change of address indicating that he had been transferred from the Cape Girardeau County Jail to the Metropolitan St. Louis Psychiatric Center. (ECF Nos. 8, 9, 10). In light of Plaintiff's self-represented status and institutional transfer, the Court will accept these filings despite their untimeliness.

## Legal Standard

Because Plaintiff is proceeding IFP, the Court must review his amended complaint under 28 U.S.C. § 1915. Under that statute, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the Court must interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support a plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Amended Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against Judge Stephen N. Limbaugh, Jr.[2] in his official capacity. He appears to allege that Judge Limbaugh violated his civil rights in connection with a prior criminal sentencing. Specifically, Plaintiff states: "I was sentence[d] to 87 months but I should of done only 37 months." (ECF No. 8 at 4). He further alleges that he suffered both mental and physical injuries during his incarceration, as well as the loss of his mother. *Id.* at 5. For relief, Plaintiff seeks compensatory and punitive damages. *Id.* at 6.

**Discussion**

Judicial immunity shields judges from suit, allowing them to exercise the authority with which they are vested to act upon their own convictions. *See Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). As the Supreme Court has explained, "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge does not lose this immunity even when acting in error or in excess of his authority. *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

A judge's immunity is broad and may be overcome only in two narrow circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, judicial immunity does not apply to non-judicial acts. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982); *see also*

---

[2] Plaintiff lists Judge "Rushing Limbaugh" as the sole defendant. (ECF No. 8 at 2). The Court's records indicate that Judge Stephen N. Limbaugh, Jr.—not Judge "Rushing Limbaugh"—sentenced Plaintiff in *United States v. Criddle*, No. 1:16-cr-00005-SNLJ. The Court takes judicial notice of these records. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (stating that a court may take judicial notice of its own records) (citations omitted).

*Justice Network, Inc.*, 931 F.3d at 760 (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge"). Second, judicial immunity does not apply where a judge acts in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462.

Plaintiff's allegations do not implicate either of the exceptions to judicial immunity. Sentencing a defendant following a criminal conviction is a quintessential judicial act, well within the scope of a judge's normal duties. Plaintiff's assertion that the sentence imposed was excessive—even if accepted as true—does not transform the act into a non-judicial one. *See Justice Network, Inc.*, 931 F.3d at 760. Nor does Plaintiff allege that Judge Limbaugh acted in the complete absence of jurisdiction in imposing the sentence. Moreover, to the extent Plaintiff seeks to challenge the validity or duration of his sentence, the proper vehicle for such a challenge is a petition for a writ of habeas corpus, not a civil action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973). Accordingly, because Plaintiff seeks monetary relief from a defendant who is immune from such relief, the amended complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii).

**Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's IFP motion and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis is **GRANTED**. (ECF No. 10).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

A separate Order of Dismissal will follow.

Dated this 11th day of April 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE